UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTIAN QUARLES | CIVIL ACTION |
| VERSUS | NO: 16-2038 |
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO. ET AL | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Defendant National Union Fire Insurance Company of Pittsburgh's ("National Union") Motion for Summary Judgment (Doc. 40). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

In this action, Plaintiff alleges that he sustained injuries while working on the Auger TLP, a tension leg platform in the Gulf of Mexico on the Outer Continental Shelf (OCS). Plaintiff claims that his injuries are the result of negligence of Shell Oil Company, Shell Exploration & Production Company, Shell Offshore, Inc. and Helmerich & Payne Drilling Company (H&P).

1

On July 25, 2017, Plaintiff amended his complaint to add a direct action claim against National Union Fire Insurance Company of Pittsburgh ("National Union"), H&P's insurer. National Union now asks the Court to dismiss this claim, averring that the Louisiana Direct Action Statute does not apply to this matter. Plaintiff opposes.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2

evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

In this Motion, National Union argues that Plaintiff's claim must be dismissed because the Louisiana Direct Action Statute is inapplicable and there exists no independent cause of action against it.  As a threshold matter, National Union does not dispute that Outer Continental Shelf Lands Act[9] ("OCSLA") extends the laws of Louisiana to fixed platforms located in the OCS under certain circumstances.[10]  Likewise, Defendant does not dispute that Louisiana law applies as surrogate federal law in this matter.  Defendant's sole argument is that the Louisiana Direct Action Statute[11] by its terms is inapplicable.

Defendant argues that the Louisiana Direct Action Statute does not allow a direct action against the insurer in this case.  "Under Louisiana law, a right of direct action may be brought against an insurer in only three limited

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] 43 U.S.C. 1333.

[10] *Union Texas Petroleum Corp. v. PLT Eng'g, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990); *See also* 43 U.S.C. 1333.

[11] La. Rev. Stat. § 22:1269.

3

instances: (1) if the accident occurred in Louisiana; (2) if the policy was written in Louisiana; or (3) if the policy was delivered in Louisiana."[12] It is undisputed that the policy was neither written nor delivered in Louisiana. Accordingly, the Direct Action Statute may only be applied if the platform at issue is considered "in Louisiana."

In *Joyner v. Ensco Offshore Co.*, the district court found that, under the plain language of the Direct Action Statute, an accident on an offshore oil platform could not be considered to have occurred "in Louisiana."[13] In *Joyner*, as in this case, state law was applied as surrogate federal law under OCSLA.[14] There, the court first considered whether the Direct Action Statute could be incorporated through OCSLA.[15] Answering that question in the affirmative, the court then looked to the plain language of the Direct Action Statute to determine its applicability.[16] In reliance on the ruling of the Louisiana Third Circuit Court of Appeals in *Harper v. Falrig Offshore*[17] and the ruling of the Fifth Circuit in *Guess v. Read,*[18] the court held that the subject accident could not be found to have occurred "in Louisiana" for purposes of the Direct Action Statute.[19] This finding is supported by the plain language of the Louisiana statute itself. The words of the statute are clear and unambiguous—an incident must occur "in Louisiana" for the statue to apply.[20]

---

[12] *Ostrowiecki v. Aggressor Fleet, Ltd.*, No. 07-6598, 2008 WL 2185326, at *4 (E.D. La. May 20, 2008) (quoting *Landry v. Travelers Indem. Co.*, 890 F.2d 770, 772 (5th Cir.1989)); *See also* Louisiana Direct Action Statute, La. Rev. Stat. § 22:1269.
[13] No. 99-3754, 2001 WL 333114, at *2 (E.D. La. Apr. 5, 2001) (Duval, J.).
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] 776 So.2d 620 (La. App. 3d Cir. 2000).
[18] 290 F.2d 622 (5th Cir. 1961).
[19] *Joyner,* 2001 WL 333114, at *2.
[20] Such a view is further supported by the venue provision of the statute, which provides that suit should be brought "in the parish in which the accident or injury occurred."

In response, Plaintiff cites to *Freeport McMoran Resource Partners v. Kremco*[21] in support of their argument. There, the Court found that the Direct Action Statute could be incorporated through OCSLA, and therefore reasoned that structures on the Outer Continental Shelf should be treated as though they are within Louisiana for purposes of the Direct Action Statute.[22] In reaching this conclusion, the court relied on the language of OCSLA, and failed to consider the unambiguous language of the Direct Action Statute itself. Because the court did not consider whether the incident at issue fell within the parameters of the Direct Action Statute, this case is unpersuasive.

Accordingly, this Court finds that though the Direct Action Statute may be incorporated as surrogate federal law,[23] OSCLA does not bring sites on the Outer Continental Shelf within the territory of Louisiana. Accordingly, the Direct Action Statue is inapplicable, and Defendant National Union's Motion for Summary Judgment is granted.

## CONCLUSION

For the forgoing reasons, Defendant National Union's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims against this Defendant are **DISMISSED WITH PREJUDICE.**

---

La. Stat. Ann. § 22:1269. The Outer Continental Shelf is not within any parish of the state of Louisiana.
    [21] No. 92-0036, 1992 WL 84312, at *3 (E.D. La. Apr. 20, 1992).
    [22] *Id.*
    [23] As indicated in *Joyner*, the Direct Action Statute may be invoked in an OSCLA case where the policy was written or delivered in Louisiana. Here, however, the parties concede that neither of these requirements is met.

5

New Orleans, Louisiana this 19th day of June, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**